**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| KENNETH R. MCDAVID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-00272-JMS-WGH |
| | ) | |
| CORIZON, INC., GRAHAM BROOKS, | ) | |
| JOSEPH LOLIT, CONNIE ALLEN, | ) | |
| MELISSA TUCKER, THOMAS NATOLI, | ) | |
| KATASHA THOMAS, | ) | |
| JENNIFER BRISEN, PUTNAMVILLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Screening**

Plaintiff Kenneth R. McDavid filed a complaint on September 4, 2014, alleging that his constitutional rights were violated by the defendants when they were deliberately indifferent to his serious medical needs. Because McDavid is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Pro se complaints such as that filed by McDavid are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

McDavid brings this civil rights complaint against the following defendants: 1) Corizon Health Services, Inc. (Corizon); 2) Graham Brooks; 3) Joseph Lolit; 4) Connie Allen; 5) Melissa Tucker; 6) Thomas Natoli; 7) Katasha Thomas; 8) Jennifer Brisen; and 9) Putnamville Correctional Facility.

McDavid's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, McDavid alleges violations of his rights under the First, Eighth, and Fourteenth Amendments. He seeks monetary relief and injunctive relief.

## II. Insufficient Claims

### A.

McDavid alleges that his rights were violated under the First Amendment. However, he does not allege any facts that support a claim under the First Amendment. Therefore, any claims under the First Amendment **are dismissed for failure to state a claim**.

### B.

In his complaint, McDavid names the Putnamville Correctional Facility as a defendant. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The Putnamville Correctional Facility is not a person subject to suit pursuant to § 1983. *Will v. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th 2011). Accordingly, the Putnamville Correctional Facility **is dismissed** as a defendant in this action.

### C.

McDavid alleges that Graham Brooks allowed his property to be stolen while he was receiving care at Corizon. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Indiana's Tort Claims Act (IND. CODE ' 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

McDavid was entitled to constitutional protections with respect to the confiscation of his property, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 494 U.S. 113 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under ' 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

Because McDavid has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D. Ind. 2008). Accordingly, McDavid's claim against Brooks under the Fourteenth Amendment is also **dismissed**.

## D.

A claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

McDavid's serious medical needs include kidney problems, ear and eye problems, cancer, and back problems. He also claims his eye has cracked as a result of untreated seizures with no medication. The Court will address these specific factual allegations against each individual defendant.

**1.**

There are no allegations of wrongdoing against Jennifer Brisen.[1] In order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to 42 U.S.C. § 1983, an individual must have personally participated in the alleged constitutional deprivation. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000). Jennifer Brisen is **dismissed as a defendant** in this action.

**2.**

McDavid alleges that Melissa Tucker and Katasha Thomas made fun of him and then shared his medical information with staff and inmates. He alleges this caused him mental anguish. These allegations reflect unprofessional and inappropriate behavior, however, there are no facts alleged in the complaint upon which the Court could conclude that Tucker and Thomas were deliberately indifferent to McDavid's need for treatment for his various serious medical conditions. The claims against defendants Tucker and Thomas **are dismissed for failure to state a claim**.

**3.**

McDavid alleges that Thomas Natoli has extensive knowledge regarding his medical conditions but has failed to alleviate his pain and suffering. These allegations lack the specificity to render this claim plausible. McDavid does not allege any facts upon which the Court could

---

[1] Other than naming Brisen in an opening paragraph when he lists the defendants' names, McDavid does not mention her name again in the complaint.

conclude that Natoli was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. The claims against Natoli **are dismissed for failure to state a claim.**

**4.**

McDavid claims that Brooks denied him medication during treatment. However, such a vague assertion does not allege facts upon which the Court could conclude that Brooks was deliberately indifferent to a serious medical need. McDavid's claim against Brooks under the Eighth Amendment **is dismissed**.

**5.**

McDavid alleges that Connie Allen took a urine sample with blood present and told him it was normal after just glancing at it. However, these facts alone do not support a conclusion that Allen was deliberately indifferent to a serious medical need.

McDavid also alleges that Allen administered eye drops to him that he was allergic to. He specifically alleges that Allen did not discover he was allergic to the eye drops until after she had administered them, but claims she was deliberately indifferent to a serious medical need because she did not help him alleviate the pain the drops caused. It is not clear from the allegations what treatment could have been provided to alleviate the pain. Nonetheless, this would require the Court to speculate, which it will not do. These factual assertions do not allege sufficient facts from which the Court could conclude that Allen was deliberately indifferent to a serious medical need. McDavid's claims against Allen under the Eighth Amendment **are dismissed**.

**6.**

McDavid alleges that Dr. Joseph Lolit continually misdiagnosed him and allowed nurses to provide him diagnostic services. These facts do not support a conclusion that Dr. Lolit was deliberately indifferent to a serious medical need. An unintentional misdiagnosis reflects

negligence not deliberate indifference. McDavid's claim against Dr. Lolit under the Eighth Amendment **is dismissed for failure to state a claim**.

In summary, there are not sufficient factual allegations (in the language of *Bell Atlantic*), of deliberate indifference to raise McDavid's right to relief above the speculative level or enough facts to state a claim to relief that is plausible on its face. *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005)("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.")(quotation marks and citation omitted). McDavid's conclusory language that these defendants were deliberately indifferent to his serious medical needs does not meet the pleading standards. *See Twombly*, 127 S. Ct. at 1973.

### 7.

McDavid alleges that during his time at the Putnamville Correctional Facility, the Corizon medical staff have not provided him with adequate medical care and his serious medical needs are going untreated. While McDavid claims that Corizon and its staff lack the necessary skills and knowledge to properly treat and diagnose his and the other inmates medical needs, he does not allege that Corizon had an unconstitutional practice or policy that caused his injury. Instead, his claim is that individual medical staff above made poor decisions in providing him care to treat his serious medical needs. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). For these reasons, McDavid's Eighth Amendment claim against Corizon must **be dismissed for failure to state a claim**.

# E.

The foregoing resolves McDavid's federal claims in this action. McDavid also alleges that the defendants breached a duty of care under Indiana state law and that the breach was the cause of his injuries, pain and suffering. This is a state law claim. This Court' jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ' 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). Application of this rule dictates that the pendent state law claim should be dismissed for lack of jurisdiction.

McDavid's federal complaint is **dismissed** for failure to state a claim. The Court declines to exercise jurisdiction over the state law claims in the absence of a properly pled federal complaint. However, the dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, McDavid shall have **through November 24, 2014,** in which to file an amended complaint. The amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). The amended complaint may include both his federal and state law claims if he intends to replead both.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS SO ORDERED.**


Date:   October 23, 2014

Distribution:

Kenneth R. McDavid, 943202
Westville Correctional Facility
5501 South 1100 West
Westville, Indiana 46391

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana